UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBIN BLAKE COMBS, SR.,

    Plaintiff,

    v.

JOSEPH D. LEHMAN, *et al.*,

    Defendants.

Case No. C08-5063 RJB/KLS

ORDER TO SHOW CAUSE

Before the Court is Defendants' motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Plaintiff's claims are time-barred. (Dkt. # 60). Plaintiff opposes the motion, arguing that the statute of limitations was tolled while he exhausted his administrative remedies, by virtue of the continuing violations doctrine and by Defendants' conduct. (Dkt. # 69). Defendants filed a reply. (Dkt. # 70).

Having carefully reviewed the parties' pleadings, the Court is inclined to recommend granting Defendants' motion in part as to portions of Plaintiff's complaint. Before doing so, however, Plaintiff shall be given an opportunity to file an amended complaint to cure the deficiencies noted herein.

ORDER - 1

## I. BACKGROUND AND ALLEGATIONS

Mr. Combs brought this 42 U.S.C. § 1983 complaint against numerous Washington Department of Corrections officials and employees for conduct that occurred while he was incarcerated at the Stafford Creek Corrections Center (SCCC) from August 5, 2002 until July 2, 2004. (Dkt. 5, pp. 17-18[1]). Mr. Combs alleges that Defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. *Id.*, p. 46.

Mr. Combs alleges that he suffers from myofibrositis in his upper back, a condition for which he was diagnosed in 1989. *Id.*, p. 16. Since approximately 1999, his affliction has spread to incorporate his neck, trapezius muscles, shoulders, upper back and hips. *Id.*, pp. 16-17. While Mr. Combs was housed at the Monroe Correctional Complex (MCC), he was prescribed additional pillows for positioning his body, a foam wedge for elevating his upper torso, a cervical pillow, an egg-crate mattress, and exercise ball. *Id.*, p. 17.

After he was transferred to SCCC these treatment modalities were taken from him, except that he was prescribed an extra mattress and was allowed to retain his cervical pillow. *Id.*, p. 18. Thereafter, from approximately August 5, 2002 through December 23, 2004, Mr. Combs alleges that he repeatedly requested medical treatment and pain relief but Defendants denied his request. *Id.*, pp. 19-20.

Mr. Combs filed his complaint on February 4, 2008. (Dkt. # 1).

Defendants argue that Plaintiff's complaint must be dismissed because it was filed three years after his claims accrued on July 2, 2004, when he left SCCC; and although Plaintiff asserts various claims after July 2, 2004, they are insufficient. (Dkt. # 60, p. 4). Defendants maintain that Plaintiff has made numerous claims after July 2, 2004 regarding the grievance system, and argue

---

[1]Citations are to CM-ECF pagination.

ORDER - 2

that Plaintiff has no constitutional due process right to a prison grievance system. *Id*. (citing Dkt. # 5, ¶¶ 183-186, 188-193). Defendants also point to various allegations regarding treatment Plaintiff alleges he received in Minnesota and Oklahoma by Dr. Elkaramany, Dr. Wade Warren, Mr. Cox, John Goedert, and M. Coburn. *Id*. (citing Dkt. # 5, ¶¶ 195, 200-207, 209-212 and 214). Defendants argue that these allegations must be dismissed as none of these individuals are named defendants. (Dkt. # 60, pp. 4-5).

In response, Plaintiff states that he could not file his claims in this Court until he had completely exhausted all allegations contained in his Complaint. (Dkt. # 69, p. 7). Plaintiff argues that he made repeated complaints about the lack of medical care from August 5, 2002 through April 25, 2005, the date his last grievance appeal was answered. *Id*., p. 8. Plaintiff references and attaches to his complaint the following grievances, all appealed to Level III:

| Log No. | Date Answered |
| --- | --- |
| 0308585 | August 26, 2003 |
| 0310997 | August 25, 2003 |
| 0403588 | July 7, 2004 |
| 0403902 | June 17, 2004 |
| 0407897 | July 7, 2004 |
| 0407898 | November 8, 2004 |
| 0407899 | July 12, 2004 |
| 0407900 | June 23, 2004 |
| 0408978 | March 7, 2005 |
| 0412044 | April 25, 2005[2] |

(Dkt. # 5, pp. 3-13).

## II. STANDARD OF REVIEW

The Court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited

---

[2] Although the date on the Court's copy of Log No. 0412044 is unclear, the parties do not dispute that this grievance was exhausted on April 25, 2005. (*See* Dkt. # 69, p. 8 and Dkt. # 70, p. 3).

ORDER - 3

to the complaint. *Lee*, 250 F.3d at 688. All material factual allegations contained in the complaint "are taken as admitted" and the complaint is to be liberally "construed in the light most favorable" to the plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421 (1969); *Lee*, 250 F.3d at 688. A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6), furthermore, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based upon "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Vague and mere "[c]onclusionary allegations, unsupported by facts" are not sufficient to state a claim under 42 U.S.C. § 1983. *Jones v. Community Development Agency,* 733 F.2d 646, 649 (9th Cir. 1984); *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir. 1992). Although the Court must construe pleadings of pro se litigants liberally, the Court may not supply essential elements to the complaint that may not have been initially alleged. *Ivey v. Board of Regents,* 673 F.2d 266, 268 (9th Cir. 1982). Similarly, in civil rights actions, a liberal interpretation of the complaint may not supply essential elements of the claim that were not initially pled. *Pena v. Gardner*, 976 F.2d 769, 471 (9th Cir. 1992).

Before the court "may dismiss a *pro se* complaint for failure to state a claim, it "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Noll v. Carlson,* 809 F.2d 1446, 1449 (9th Cir. 1987). However, leave to amend need not be granted where amendment would be futile or the amended complaint would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

ORDER - 4

## III. DISCUSSION

**A.  Statute of Limitations/Exhaustion**

The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations.  As such, the statute of limitations from the state cause of action most like a civil rights act is used.  In Washington, a plaintiff has three years to file an action. *Rose v. Rinaldi*, 654 F.2d 546 (9th Cir 1981); RCW 4.16.080(2).

Federal law determines when a civil rights claim accrues.  *Tworivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).  A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); see also *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001), quoting *Tworivers*, 174 F.3d at 992.  The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).

The Prison Litigation Reform Act ("PLRA") also requires exhaustion of administrative remedies prior to filing a complaint in federal court.  The relevant portion of the PLRA states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

This requirement "applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002).  Further, "[a]ll 'available' remedies" must be exhausted, "[e]ven when the prisoner seeks relief not available in grievance proceedings." *Id.* at 524.  Inmates must exhaust prison grievance remedies before filing suit if the grievance system is capable of providing any relief or taking any action in response to the grievance. *Booth v. Churner*, 531 U.S. 956, 121 S. Ct. 1819, 1825 (2001).

ORDER - 5

Mr. Combs argues that he could not proceed with the filing of his claims in this Court until he ensured that he completely exhausted all allegations contained in his complaint. (Dkt. # 69, p. 7). He also argues, pursuant to *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005), that the three year statute of limitations was tolled during that process until he was notified of the final appeal decision on April 25, 2005. *Id.*, pp. 7-8.

Defendants respond that Plaintiff's assertion is incorrect and not supported by the law. (Dkt. # 70, p. 2). However, the interplay between the dual requirements of exhaustion and the statute of limitations was discussed in some detail by the Ninth Circuit in *Brown*, where the Court held that the applicable statute of limitations is indeed tolled while a prisoner completes the mandatory exhaustion process:

> We have held that a prisoner may *not* proceed to federal court while exhausting administrative remedies.... At the same time, awaiting the completion of a staff misconduct investigation could, absent some adjustment, endanger the prisoner's ability to file his court complaint within the limitations period. We do not regard the intersection of the exhaustion and statute of limitations requirements as creating a problem for prisoners, however, as we agree with the uniform holdings of the circuits that have considered the question that the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process.

422 F.3d. at 942-943 (emphasis in original) (internal citations omitted).

Indeed, had Mr. Combs not waited to exhaust his administrative remedies before bringing his action in this Court, he could now be facing a motion to dismiss for failing to exhaust "such administrative remedies as are available." *Id.* at 943. However, the tolling only applies to Mr. Combs' last two grievances – Log Nos. 0408978 and 0412044 – as they were exhausted on March 7, 2005 and April 25, 2005 and filed within three years.

Thus, Mr. Combs shall be given an opportunity to amend his Complaint so that it includes only his factual allegations and claims relating to Log Nos. 0408978 and 0412044.

ORDER - 6

B.  **Allegations to Grievance System**

Defendants maintain that Plaintiff has made numerous claims after July 2, 2004 regarding the grievance system and argue that Plaintiff has no constitutional due process right to a prison grievance system. Dkt. # 60, p. 4. (citing Dkt. # 5, ¶¶ 183-186, 188-193). Mr. Combs explains that Defendants err in characterizing his claims. (Dkt. # 69, p. 9). Mr. Combs states that he included the allegations to show his correspondence with Defendants Waddington and Curtis and as evidence of exhaustion of the grievance process. *Id*. In addition, Mr. Combs argues that alleging the numerous grievances reflects a pattern of Defendants' behavior and is evidence of their deliberate indifference. In his Complaint, Mr. Combs alleged that the Defendants' "actions and/or omissions . . . constituted a violation of his rights under the Eighth Amendment. (*See* Dkt. # 5, p. 46). He asserts no claim for violation of a grievance system. Accordingly, the undersigned is not inclined to recommend dismissal of ¶¶ 183-186, 188-193 of Plaintiff's Complaint.

C.  **Out of State Defendants**

Finally, Defendants complain that Plaintiff makes numerous allegations regarding treatment he received in Minnesota and Oklahoma by a Dr. Elkaramany, Dr. Wade Warren, Mr. Cox, John Goedert, and M. Coburn. (Dkt. # 5, ¶¶ 195, 200-207, 209-212 and 214). Defendants argue that these allegations must be dismissed as none of these individuals are named defendants. (Dkt. # 60, pp. 4-5). Mr. Combs responds that he did not name the out-of-state individuals as he was unsure that he could sue them in Washington. (Dkt. # 69, p. 20). Mr. Combs argues that he should be allowed to supplement his complaint to explain any deficiencies and add new incidents relating to his original issues. *Id*.

Jurisdiction over non-resident defendants must comport with Washington's long-arm statute and with constitutional requirements of due process. *Chan v. Society Expeditions, Inc.*, 39 F.3d

ORDER - 7

1398 1404 (9th Cir. 1994); *Deutsch v. West Coast Mach Co.*, 497 P.2d 1311, 1314 (1972). If a nonresident defendant's activities within a forum have been substantial or continuous and systematic, his relationship with the forum will support jurisdiction consistent with due process regardless of whether the cause of action is related to activities in the forum. *Omeluk v. Langsten*, 52 F.3d 267, 270 (9th Cir. 1995). Alternatively, the court will have specific jurisdiction over a nonresident defendant if the controversy is sufficiently related to or arose out of a defendant's contact with the forum state. *Id*. A three-part test is applied to determine whether specific jurisdiction may be applied to a particular non-resident defendant, consistent with due process: the nonresident defendant must do some act or consummate some transaction within the forum or perform some act by which he purposefully avails himself of the privilege by conducting activities in the forum, thereby invoking the benefits and protections of its laws; the claim must be one which arises out of or results from defendants' forum-related activities; and the exercise of jurisdiction must be reasonable. *Id*. at 270-271. If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law. *Id*.

In his Complaint, Mr. Combs alleges, *e.g.*, that Dr. Elkaramany (at CCCF in Appleton, Minnesota) discontinued his sleeping medication (¶ 195); Mr. Cox (at NFCF in Sayre, Oklahoma) refused to authorize an extra mattress and cervical pillow (¶ 206); Dr. Warren (at NFCF in Sayre, Oklahoma) discontinued his prescription for Baclofen and refused to authorize an extra mattress and cervical pillow (¶ 209); PA John Goedert (at NFCF in Sayre, Oklahoma) advised he could not prescribe any med-line medication three times per day or authorize extra mattresses or special pillow (¶ 211); and M. Coburn (at NFCF in Sayre, Oklahoma) refused to take corrective action in response to informal complaints (¶ 215).

ORDER - 8

Plaintiff alleges only that these out of state individuals failed to provide him with medical care while he was housed in facilities in Minnesota and Oklahoma. There are no factual allegations warranting the exercise of personal jurisdiction over these individuals in Washington.

Accordingly, Plaintiff shall be given an opportunity to amend his Complaint to omit his allegations against these Defendants.

It is, therefore, **ORDERED:**

(1) That Plaintiff is granted leave to file an amended Complaint entitled "Amended Complaint" **on or before November 21, 2008,** to include factual allegations, claims and defendants relating to Log Nos. 0408978 and 0412044 only and to omit allegations and defendants regarding treatment he received in Minnesota and Oklahoma. The Amended Complaint will act as a complete substitute for all previously filed complaints in this action. To aid Plaintiff, the Clerk shall send Plaintiff a 1983 civil rights complaint for prisoners; and

(2) Defendants' motion to dismiss (Dkt. # 60) shall be re-noted for **December 19, 2008**; and

(3) The Clerk shall send copies of this Order to Plaintiff and counsel for Defendants.

DATED this 29th day of October, 2008.

Karen L. Strombom
United States Magistrate Judge

ORDER - 9