UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBIN BLAKE COMBS, SR.,

    Plaintiff,

v.

JOSEPH D. LEHMAN, *et al.*,

    Defendants,

Case No. C08-5063 RJB/KLS

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is Plaintiff's motion for reconsideration. Dkt. # 74. Mr. Combs asks this Court to reconsider its Order (Dkt. # 73), in which the court deferred Defendants' motion to dismiss Mr. Combs's claims and granted him an opportunity to file an amended complaint. Mr. Combs argues that the Court's Order must be amended to correct medical and factual errors, that the Court erred in not addressing his arguments of continuing wrong and equitable tolling, and that the Court should allow him to sue out of state defendants for medical care provided at out of state facilities. Dkt. # 74.

**I. DISCUSSION**

Motions for reconsideration are disfavored and will ordinarily be denied in the "absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to the court's attention earlier with reasonable diligence." Local Rule CR 7(h)(1).

**A.    Timeliness of Motion**

Motions for reconsideration must be filed within ten (10) days of entry of the order the movant seeks reconsidered. Fed. R. Civ.P. 59(b). The Order at issue was entered on October 29, 2008. Dkt. # 74. Mr. Combs filed his motion for reconsideration on November 17, 2008. Dkt. # 74. His motion is, therefore, untimely and may be denied on this basis alone.

ORDER
Page - 1

## B. Medical History

Mr. Combs argues that the Court's order must be amended to more correctly reflect his medical history. Dkt. # 74, p. 2. The Court granted Mr. Combs leave to amend his complaint to allege facts relating to the claims properly exhausted in Log Nos. 0408978 and 0412044. Dkt. # 73, p. 6. To the extent Mr. Combs wishes to clarify or set forth his medical history more fully, he may do so in the factual allegations insofar as they relate to those claims.

Mr. Combs also claims that Log No. 0408978 was not exhausted on March 7, 2005, but on November 3, 2004, "the date [he] received the Level III response from Defendant Mason," and therefore, he will eliminate any reference to this grievance in his amended complaint. Dkt. # 74, p. 2. However, the Level III Appeal of Log # 0408978 attached to the Complaint was signed by the deputy secretary on March 7, 2005. Dkt. # 5, p. 11.[1] Therefore, Mr. Combs may include allegations from this grievance if he chooses to pursue them in his amended complaint.

## C. Continuing Violations/Equitable Tolling

Mr. Combs fears that he may have misled the Court by incorrectly titling his argument relating to the continuing violations doctrine. Dkt. # 74, p. 3. Mr. Combs also argues that the Court should have made a finding as to his claim that the defendants hid the identity of the individuals who denied his MRI, thereby allegedly keeping the knowledge of his injury from him. *Id.*, p. 4.

Mr. Combs has not presented any new facts or legal authority in his motion for reconsideration that could not have been presented to the Court's attention earlier with reasonable diligence suggesting that reconsideration is appropriate. In addition, the Court granted Plaintiff leave to amend his complaint to allege factual allegations as to those grievances which have been clearly exhausted pursuant to the Prison Litigation Reform Act (PLRA). The grievances which have been exhausted – Log Nos. 0408978 and 0412044 – include Mr. Combs' claim that the MRI was denied by SCCC's utilization committee despite the consulting orthopedist's recommendation and that such denial resulted in a denial of medical care and perpetuation of Mr. Combs's pain. Dkt. # 5, p. 12. Thus, Mr. Combs possessed all knowledge

---

[1] The date may be March 1, 2005 and not March 7, 2005, but the difference is immaterial as Mr. Combs filed within three years of exhausting that grievance. *See* Dkt. # 1; Dkt. # 73, p. 6.

necessary to file his claim at the time he filed his grievance. In addition, by allowing Mr. Combs an opportunity to amend his complaint, this Court has not barred Mr. Combs the opportunity to plead the factual allegations surrounding denial of the MRI. The discovery process may yield further information as to the parties' claims after the pleadings have been filed, such as the identity of specific members of the utilization committee.

**D.     Out of State Defendants and Claims**

Mr. Combs requests reconsideration of the Court's ruling that it lacks personal jurisdiction of Plaintiff's allegations regarding treatment in Minnesota and Oklahoma by Dr. Elkaramany, Dr. Wade Warren, Mr. Cox, John Goedert, and M. Coburn. Dkt. # 74, pp. 5-6 (*See* Dkt. #5, ¶¶ 195, 200-207, 209-212 and 214). Mr. Combs also seeks leave to amend his complaint to bring in additional claims against Washington DOC and medical personnel in Oklahoma for failure to provide medical treatment while he was housed in Oklahoma. *Id*., pp. 7-9. In support of this most recent claim, Mr. Combs attaches a copy of a grievance dated June 17, 2008, which was returned as "not grievable," with the response that all grievances relating to medical care must be filed with the "host facilities grievance program." Dkt. # 74-2, p. 3.

Mr. Combs argues that the exercise of personal jurisdiction is warranted over all of the out of state defendants and claims because Washington Department of Corrections (WDOC) has contracted with Corrections Corporation of America (CCA) to provide health care services to WDOC offenders housed in out of state facilities. *Id*.; Dkt. # 74-2, pp.1-2.

A contractual relationship between WDOC and CCA to provide medical services does not establish personal jurisdiction over non-resident medical personnel whose activities were confined to facilities outside the state of Washington. Nor does it provide subject matter jurisdiction for claims made by Mr. Combs as to medical treatment received or denied to him in facilities outside the state of Washington.

Mr. Combs has not presented any new facts or legal authority in his motion for reconsideration that could not have been presented to the Court's attention earlier with reasonable diligence suggesting that reconsideration as to personal jurisdiction over out of state residents and/or out of state medical care claims is appropriate

ORDER
Page - 3

ACCORDINGLY, it is **ORDERED** that Plaintiff's motion for reconsideration (Dkt. # 74) is **DENIED.**

DATED this 12th day of December, 2008.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 4