UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBIN BLAKE COMBS, SR., | Case No. C08-5063 RJB/KLS |
| Plaintiff, | |
| v. | ORDER DIRECTING DISCLOSURE OF SERVICE ADDRESSES AND GRANTING EXTENSION OF TIME |
| JOSEPH D. LEHMAN, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiff Robin Blake Combs' motion to disclose to the United States Marshal Service, the home addresses of Defendants Joseph D. Lehman, Janet Black, Judy Cherlotti, Sue Greiling, Eldon Leinweber and Anita Travis, so that he may serve them with his Amended Complaint.[1] Dkt. # 87. Defendants oppose the motion. Dkt. # 89. Also before the Court is Plaintiff's motion for an extension of time to provide the Court with service forms. Dkt. # 86.

**DISCUSSION**

Incarcerated pro se plaintiffs proceeding *in forma pauperis* are entitled to rely on the U.S. Marshal for service of summons and complaint and cannot be penalized by dismissal of the action for failure to

---

[1] As is made clear in the Court's Order Granting Plaintiff's Motion for Reconsideration Regarding Submission of Copies filed simultaneous with this Order, this case shall proceed based on the allegations set forth in the Amended Complaint at Dkt. # 85.

ORDER
Page - 1

effect service where the Marshal has failed to perform his duties. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990)), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). As long as the prisoner provides the information necessary to identify the defendant, the Marshal's failure to effect service is automatically good cause within the meaning of Fed.R.Civ.P. 4(j). *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)).

Mr. Combs submits that at the time he filed his action, the Defendants at issue were employees or agents of, or contracted by, the Washington Department of Corrections (DOC), but have since either retired from their positions or work for other employers. Dkt. # 87, p. 1  Mr. Combs' attempts to obtain their addresses include two motions before this Court (Dkts. # 2 and 9), a request for public disclosure, and two letters to Defendants' attorney, Sara Olson. *Id*., p. 2.

After filing his complaint, Mr. Combs submitted an ex parte motion seeking the disclosure of the non-served Defendants' home addresses to the United States Marshal service. Dkt. # 2. That motion was denied without prejudice. Dkt. # 7. The Court stated, "[a]fter one or more of the Defendants have entered their appearance in this action, Plaintiff may re-file his motion to obtain service addresses for those Defendants for whom service is not effected. Plaintiff should direct his request for assistance to counsel for the served Defendants." *Id*.

Mr. Combs immediately moved for reconsideration. Dkt. # 9. The Court denied that motion, stating, "[i]t is anticipated that after the Attorney General has entered its appearance in this matter, counsel and Plaintiff may confer on any outstanding service issues." Dkt. # 10.

Returns of Service filed by the Marshal's Office for the Defendants at issue indicate that Mr. Combs supplied their last known addresses within the Department of Corrections; all of the Returns of Service were un-executed. Dkts. # 24, 25, 33, 66, 67, and 68.

Mr. Combs states that he has written to defense counsel on two occasions, on May 9, 2008 and May 13, 2008, in an attempt to obtain her assistance in providing the addresses to the Marshals. *Id*., pp. 5-6. Ms. Olson responded only to his first letter, stating that she would not agree to provide home addresses for the non-served defendants to Mr. Combs and would oppose any motion for the information. *Id*. In his May 13, 2008 letter to Ms. Olson, Mr. Combs states that he clarified that the service

1 information was to be provided directly to the U.S. Marshal and not to him, and referred to the Court's
2 earlier Orders. *Id*., p. 6. To date, Mr. Combs states that Ms. Olson has not replied. *Id*.

Defendants respond that Mr. Lehman is already represented in this action so that he need not be personally served; Ms. Travis is not listed in the amended complaint, so she need not be served[2], and with regard to the remaining four individuals, Defendants are not in possession of their current home addresses. *Id*., p. 2. Defendants state that these individuals were contracted employees with the DOC, but none are currently contracted with the DOC to provide service. *Id*. However, Defendants state that they can provide last known business addresses for these individuals to the U.S. Marshal Service. *Id*.

In addition to the five defendants named above, the docket reflects that Defendant Darryl Dennison signed a waiver of service on April 14, 2008 (Dkt. # 47); Patrick Farwell signed a waiver of service on April 22, 2008 (Dkt. # 53), and that Sue McMinn was served by certified mail by the U.S. Marshal on April 25, 2008. Dkt. # 55. The Attorney General advises that they do not yet represent these individuals in accordance with RCW 4.92.060. Dkt. # 89 n. 1.

## CONCLUSION

The foregoing suggests that Mr. Combs has supplied what information he had and has diligently sought further information to complete service on the non-served defendants. The undersigned concludes that having Defendants provide the last known business and last known home addresses of the non-served defendants to the U.S. Marshal to effect service is a sensible solution. As noted by the Seventh Circuit in *Seller*, the solution alleviates two concerns involving prisoner litigation: (1) the security risks inherent in providing prisoners with addresses of people formerly employed by the state; and (2) the reality of prisoners getting the "runaround" when they are attempting to access information through the government. *Sellers*, 902 F.2d at 602.

To facilitate this process, counsel for Defendants is directed to produce the addresses to the Court under seal. The Court will complete the service forms and will provide them, along with copies of the Amended Complaint directly to the U.S. Marshal.

Accordingly, it is **ORDERED:**

---

[2] Anita Travis is named as a Defendant in the Amended Complaint at page 3. Dkt. # 85, p. 3. (She was also named in the amended complaint at Dkt. # 81, p. 5).

1     (1)    Plaintiff's motions for disclosure of addresses (Dkt. # 87) and for an extension of time (Dkt. # 86) are **GRANTED**.

(2)    The DOC shall provide the addresses of Janet Black, Judy Cherlotti, Sue Greiling, Eldon Leinweber and Anita Travis to the Court under seal **on or before March 13, 2009**. Each address provided shall indicate whether it is the last known business or last known home address of each individual.

(3)    Upon receipt of the addresses under seal, the Clerk shall prepare the service forms, shall make service copies of the Amended Complaint, and shall send five (5) copies of the Amended Complaint to the U.S. Marshal for service upon Defendants Black, Cherlotti, Greiling, Leinweber and Travis.

(4)    Mr. Combs shall provide (1) completed marshal form for Defendant Sue McMinn and return it to the Clerk **on or before March 13, 2009**. The Court shall direct the U.S. Marshal to serve Defendant Sue McMinn with the Amended Complaint so that she may be given an opportunity to waive service and imposition of the costs incurred in ordering personal service of the Amended Complaint on her. The Clerk shall make the service copy of the Amended Complaint.

(5)    As Defendants Farwell and Dennison have signed waivers of service, Mr. Combs shall mail copies of his Amended Complaint to them by regular mail and indicate that he has done so by filing a certificate of mailing with the Court **on or before March 13, 2009**.

(6)    The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

DATED this 24th day of February, 2009.


Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 4