UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBIN BLAKE COMBS, SR.,

    Plaintiff,

v.

JOSEPH D. LEHMAN, *et al.*,

    Defendants,

Case No. C08-5063 RJB/KLS

ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION REGARDING SUBMISSION OF COPIES

Before the Court is Plaintiff's motion for reconsideration. Dkt. # 90. Mr. Combs asks this Court to reconsider its Order Directing Submission of Identical Copies for Service (Dkt. # 84) because he has since submitted an amended complaint (Dkt. # 85[1]) properly incorporating both of his exhausted claims. *Id*. After carefully reviewing Plaintiff's motion and the balance of the record, it appears that Plaintiff is entitled to the relief he seeks.

**I. DISCUSSION**

Motions for reconsideration are disfavored and will ordinarily be denied in the "absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to the court's attention earlier with reasonable diligence." Local Rule CR 7(h)(1).

Due to cross-mailings, delays in the mails, and several delays in the Clerk's office, it appears that Mr. Combs did not receive the Court's Orders or service orders in a timely manner. For example, Mr. Combs states that the envelope containing the Court's Order directing him to submit identical service copies (Dkt. # 84), was post-marked January 29, 2009, although it was docketed on January 20, 2009, and

---

[1] Both the Court and Plaintiff referred to the "second" amended complaint filed on January 6, 2009 as Dkt. # 83. The pleading was subsequently docketed on January 26, 2009 as Dkt. # 85.

ORDER
Page - 1

1 | it was not received by him until February 2, 2009. Dkt. # 90, p. 2.

2 | After being granted leave to amend, Mr. Combs submitted what the Court believed to be his amended complaint on December 12, 2008. *See* Dkt. # 81. On December 31, 2008, the Court ordered Mr. Combs to submit service forms so that Dkt. # 81 could be served on the defendants. Dkt. # 82. On January 6, 2009, Mr. Combs filed the second Amended Complaint. Dkt. # 85. These copies were not identical to the amended complaint at Dkt. # 81 and as Mr. Combs had not sought leave nor notified the Court or defense counsel that he was amending his complaint, his second filing was taken to be non-identical copies of Dkt. # 81.

Be that as it may, Mr. Combs was granted leave to amend his complaint to allege facts relating to the claims properly exhausted in Log Nos. 0408978 and 0412044. Dkt. # 73, p. 6. He alleges to have done so in the amended complaint which is now docketed at Dkt. # 85. Therefore, the parties are advised that this case shall proceed based on the Amended Complaint at Dkt. # 85.

ACCORDINGLY, it is **ORDERED** as follows:

(1) Plaintiff's motion for reconsideration (Dkt. # 90) is **GRANTED.**

(2) Plaintiff's Amended Complaint (Dkt. # 81) is **STRICKEN** and the Clerk shall remove the word "Proposed" from the docket entry at Dkt. # 85.

(3) To avoid further confusion, the Clerk shall make all service copies for service of the Amended Complaint (Dkt. # 85).

(4) The parties are referred to the Court's Order Directing Disclosure of Service Addresses and Granting Extension of Time, filed simultaneous hereto, regarding service of the Amended Complaint (Dkt. # 85).

DATED this __24th__ day of February, 2009.

Karen L. Strombom
United States Magistrate Judge