UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBIN BLAKE COMBS, SR.,

    Plaintiff,

v.

JOSEPH D. LEHMAN, et al.,

    Defendants.

No. C08-5063 RJB/KLS

**REPORT AND RECOMMENDATION
NOTED FOR: JULY 10, 2009**

Before the Court is Plaintiff Robin Blake Combs' motion for a preliminary injunction. Dkt. 105. Mr. Combs complains that after his transfer to the Coyote Ridge Corrections Center (CRCC) in March 2009, he was denied the use of an extra mattress and medication which he was previously prescribed to alleviate pain in his neck, shoulders, back and hips. *Id.*, p. 3. Mr. Combs states that he is left in significant pain, which in all likelihood will worsen his condition. *Id.* Plaintiff supports his motion with his affidavit (Dkt. 105-2), and the affidavits of Dale M. Jensen (Dkt. 105-3) and Thomas J. Brown (Dkt. 105-4). Defendants have filed their response in opposition. Dkt. 110.

After careful review of the motion, the affidavits, response, and balance of the record, the undersigned recommends that the motion be denied because Mr. Combs requests relief for unexhausted claims arising outside of the claims raised in his Amended Complaint.

REPORT AND RECOMMENDATION- 1

## I. CLAIMS AND RELIEF REQUESTED

Mr. Combs is currently incarcerated at CRCC. Dkt. 105, p. 3. In his Amended Complaint, Mr. Combs alleges that Defendants violated his Eighth Amendment rights regarding medical care he received at Stafford Corrections Center (SCCC) in 2004. *See* Dkt. 85. The Court allowed Mr. Combs to amend his complaint to include factual allegations, claims and defendants relating to Grievance Log Nos. 0408978 and 0412044 only because these grievances were exhausted and were not barred by the statute of limitations. Dkt. 73.

In this motion for preliminary relief, Mr. Combs complains that employees at CRCC, including ARNP Jean Ryan and Grievance Coordinator Mike McCourtie, denied his request for a second mattress and to renew his prescription for Baclofen based on the policies and practices of CRCC. Dkt. 105-2, p. 9. Mr. Combs states that the mattress and prescription for Baclofen were previously given to him when he was housed in Minnesota[1] and were used in combination with his physical therapy treatments to help alleviate his pain. Dkt. 105-2, p. 9. Instead of Baclofen, which is considered a Level 2 drug at CRCC, Nurse Ryan prescribed Robaxin (Methocarbamol). Id., p. 9. Mr. Combs was also authorized two additional pillows, an extra blanket and a cervical pillow for one year. *Id.*, p. 10.

Mr. Combs filed a grievance (Log No. 0905223) and is presently awaiting a response to his appeal of that grievance on this issue. *Id.*, pp. 9-10. Mr. Combs believes that even if his appeal of his issue should prove favorable, "in the interim, [he] will be left in significant pain and in all likelihood, providing an opportunity for my affliction to once again become acute and the pain to become intolerable." *Id.*, p. 10.

---

[1] From July 2, 2004 until March 2, 2009, Mr. Combs was housed in out of state facilities, at Crowley County Correctional Facility (CCCF) in Colorado, North Fork Correctional Facility (NFCF) in Oklahoma, and Prairie Correctional Facility (PCF) in Minnesota. Dkt. 105-2, pp. 5-6.

REPORT AND RECOMMENDATION- 2

Mr. Combs requests that the Court order the Defendants to immediately (1) provide him with all medications, supplies and products which he was previously given, (2) immediately place him in a facility appropriate to his custody level where he can be provided with such medications, supplies and products and where he can see a physical therapist at least twice per week, (3) expediently arrange for Plaintiff to be evaluated by a health care practitioner with expertise in the diagnosis and treatment of muscular or neurological disorders and/or pain disorders or pathologies, (4) to immediately schedule and conduct all tests, techniques, procedures, and/or ancillary appointments deemed necessary by such practitioners determined necessary to correctly diagnose and treat his condition; and (5) to immediately purchase all medications, supplies and products recommended by such practitioners necessary to alleviate and/or cure his pain. *Id.*, p. 4.

## II. STANDARD OF REVIEW

Under the Prison Litigation Reform Act, 18 U.S.C. § 3626 (PLRA), a plaintiff is not entitled to prospective relief unless the court enters the necessary findings required by the Act:

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A) (emphasis added).

In civil rights cases, injunctions must be granted sparingly and only in clear and plain cases. *Rizzo v. Goode*, 423 U.S. 362, 378 (1976). This holding applies even more strongly in cases involving the administration of state prisons. *Turner v. Safley*, 482 U.S. 78, 85, 107 S. Ct. 2254 (1987). "Prison administration is, moreover, a task that has been committed to the responsibility of those [executive and legislative] branches and separation of powers concerns

REPORT AND RECOMMENDATION- 3

counsels a policy of judicial restraint. Where a state penal system is involved, federal courts have . . . additional reason to accord deference to the appropriate prison authorities." *Id*.

The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc*., 739 F.2d 1415, 1422 (9th Cir. 1984). When seeking injunctive relief, the moving party must show either (1) a likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the movant's] favor." See *Nike, Inc. v. McCarthy*, 379 F.3d 576, 580 (9th Cir. 2004)(quoting *Gilder v. PGA Tour, Inc*., 936 F.2d 417, 422 (9th Cir. 1991)) (internal quotations omitted). "These two alternatives represent extremes of a single continuum, rather than two separate tests. Thus, the greater the relative hardship to [the movant], the less probability of success must be shown." See *Walczak v. EPL Prolong, Inc*., 198 F.3d 725, 731 (9th Cir. 1999) (internal quotations omitted). Under either test, the movant bears the burden of persuasion. *Mattel, Inc. v. Greiner & Hausser GmbH*, 354 F.3d 857, 869 (9th Cir. 2003).

### III. DISCUSSION

Mr. Combs was granted leave to amend his complaint to include allegations relating to Log Nos. 0408978 and 0412044 only because these grievances had been exhausted and were not barred by the statute of limitations. Dkt. 73. Mr. Combs now attempts to raise new unexhausted claims that are not raised in his Amended Complaint against unnamed parties over whom this Court has no jurisdiction. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738-40 (2001) (Before a plaintiff can pursue a civil action with respect to prison conditions, he must exhaust the administrative remedies that are available.).

REPORT AND RECOMMENDATION- 4

Mr. Combs does not allege that any **of the named Defendants** are in any way failing to provide him with adequate medical care or refusing to provide him with medical care. Rather, his complaints are with personnel of CRCC. This Court does not have jurisdiction over any staff at CRCC as they are not parties to this lawsuit. See, e.g., *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (defendant must be served in accordance with Fed. R. Civ. P. 4 or court has no personal jurisdiction over that defendant).

The Court notes for Mr. Combs' information, that it has no authority to order that state officials transfer prisoners to other facilities. Inmates have no right to placement in a particular correctional institution. See, *Meachum v. Fano*, 427 U.S. 215, 225 (1976).

## CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court **DENY** Mr. Combs' motion for preliminary injunction. Dkt. 105.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 10, 2009**, as noted in the caption.

DATED this 17th day of June, 2009.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION- 5