UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBIN BLAKE COMBS, SR.,<br><br>                      Plaintiff,<br><br>   v.<br><br>JOSEPH D. LEHMAN, *et al.*,<br><br>                      Defendants. | No. C08-5063 RJB/KLS<br><br>ORDER GRANTING MOTION FOR ENLARGEMENT OF TIME TO CONDUCT DISCOVERY |

Before the Court is Plaintiff's motion for a 90 day enlargement of time to conduct discovery. Dkt. 125. Having reviewed the motion, Defendants' response (Dkt. 128), and balance of the record, the Court finds that the motion should be granted.

Plaintiff requests the continuance because he is limited in his ability to review discovery already received and to process further discovery requests by his lack of knowledge, limited access to the law library and work commitments. Dkt. 125, pp. 2-3. Plaintiff states that he received defendants' supplemental responses to his first request for documents, including his medical file and DOC policies, totalling approximately 1865 pages on or about September 17, 2009. *Id.*, p. 3. Plaintiff states that it will take him hours to read and decipher these documents before he can formulate further discovery based on his review. *Id.*

ORDER - 1

Defendants object to the continuance because Plaintiff failed to confer with opposing counsel prior to filing this motion, he waited more than two months before engaging in discovery, he does not need a continuance to review already produced documents, and discovery in this case is burdensome because Plaintiff's claims go back seven years and involve persons who are no longer employed by the Department of Corrections. Dkt. 128, pp. 2-3. Plaintiff responds that he attempted to confer with counsel on the development of a "discovery plan" on June 27, 2009, July 20, 2009 and on September 4, 2009, but she did not respond. Dkt. 130, pp. 2, 5-8.

Although Plaintiff did not indicate in his present motion that he met and conferred with opposing counsel prior to filing his present motion for continuance, his previous attempts to confer with defense counsel regarding discovery in general should not be discounted.[1] In addition, Defendants' complaint that the discovery is burdensome is related to the nature of Plaintiff's claims and not any bad faith action on Plaintiff's part to burden the Defendants with unnecessary discovery. Defendants have not shown that they will be prejudiced by the requested continuance. However, the court agrees that Plaintiff's stated reasons do not warrant an extension of ninety days. Therefore, the court finds that the discovery deadline should be extended by sixty days. As the deadlines for submission of dispositive motions and a joint status report (Dkt. 119) are affected by this Order, they will also be extended.

Accordingly, it is **ORDERED**:

(1) Plaintiff's motion for an enlargement of time (Dkt. 125) is **GRANTED.**

---

[1] However, Mr. Combs is advised a party applying to the court for an order relating to discovery, including extensions of time, "must include a certification that he has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court intervention." Fed. R. Civ. P. 37(a)(2)(B). In addition, "[a] good faith effort to confer … requires a face-to-face meeting or a telephonic conference." Local Rule CR 37(a)(2)(A).

ORDER - 2

(2) The discovery deadline is continued until **January 8, 2010**; the deadline for submission of dispositive motions is continued until **February 19, 2010**; and the deadline for submission of the parties' joint status report is continued until **March 19, 2010.**

(3) The Clerk of the Court shall send copies of this Order to the Plaintiff and counsel for Defendants.

**DATED** this 26th day of October, 2009.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER - 3