UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBIN BLAKE COMBS, SR.,

    Plaintiff,

v.

JOSEPH D. LEHMAN, et al.,

    Defendants.

NO. C08-5063 RJB/KLS

ORDER GRANTING DEFENDANTS' MOTION TO AMEND ANSWER

Before the court is Defendants' motion to amend its answer to add the affirmative defense of failure to exhaust administrative remedies. Dkt. 141. After filing their motion to amend, Defendants filed a motion for summary judgment based, in part, on failure to exhaust administrative remedies. Dkt. 142. Plaintiff filed a motion for an extension of time to file his response to the summary judgment motion. Dkt. 143. By separate order the court has granted Plaintiff's motion for an extension of time to respond to Defendants' summary judgment motion. Plaintiff did not file a response to Defendants' motion to amend.

**BACKGROUND**

The Court granted Plaintiff leave to file an amended complaint, which he did on or about January 6, 2009. Dkt. 85. In his amended complaint, Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth

ORDER GRANTING MOTION TO AMEND    1

Amendment.  Defendants answered the amended complaint on April 6, 2009, May 29, 2009 and October 13, 2009.  Dkt. Nos. 102, 116, and 129.

Defendants now move to amend their answer to the amended complaint to include the affirmative defense of failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).

## *DISCUSSION*

Federal Rule of Civil Procedure 15(a) provides that leave of the court allowing a party to amend its pleading "shall be freely given when justice so requires."  Leave to amend lies within the sound discretion of the trial court, which discretion "must be guided by the underlying purpose of Rule 15-to facilitate decisions on the merits rather than on the pleadings or technicalities."  *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981).  Thus, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." *Id*.; see also *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987).

Four factors are relevant to whether a motion for leave to amend should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party.  See *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).  However, these factors are not of equal weight; specifically, delay alone is insufficient ground for denying leave to amend.  See *Webb,* 655 F.2d at 980. Futility of amendment, by contrast, can alone justify the denial of a motion for leave to amend.  See *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995).  A proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  *Miller v. Rykoff-Sexton, Inc*., 845 F.2d 209, 214 (9th Cir.1988).

The affirmative defense of failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a) raises a purely legal issue, which should be resolved at the earliest possible

stage of litigation. *See Anderson v. Creighton*, 483 U.S. 635, 646 n. 6, 107 S. Ct. 3034 (1987).

There is no evidence that Plaintiff will be prejudiced by the amendment because Plaintiff will have a full opportunity to respond to the assertions of failure to exhaust administrative remedies through the standard briefing timeline. In addition, as noted above, Plaintiff has been granted an extension of forty-five days to respond to Defendants' pending motion for summary judgment.

Therefore, Defendant's Motion to Amend its Answer (Dkt. 141) is **GRANTED**.

DATED this 14th day of April, 2010.

Karen L. Strombom
United States Magistrate Judge